**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MELISSA GRIFFIN**                                                  **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:22-cv-85-JMV**

**COMMISSIONER OF
SOCIAL SECURITY**                                                     **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for Disability Insurance Benefits ("DIB"). The undersigned held a hearing on March 24, 2023 [22]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

**Statement of the Case**

On July 29, 2020, Plaintiff filed for DIB under Title II of the Social Security Act and alleged a disability onset date of July 24, 2020. Tr. at 13, 20, 186-189. The application was denied initially and upon reconsideration. Tr. at 13. Plaintiff filed a timely request for a hearing. The Administrative Law Judge ("ALJ") held a hearing on July 28, 2021, and issued an unfavorable decision in this cause on November 5, 2021. Tr. at 10, 13-20. The Appeals Council denied Plaintiff's request for review on April 27, 2022, thereby making the ALJ's decision the final decision of the Commissioner and the Social Security Administration for purposes of judicial

review under the Social Security Act. Tr. at 1-3.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of July 24, 2020. Tr. at 15, Finding 2. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: disorders of the spine and obesity (20 CFR 404.1520(c). Tr. at 16, Finding 3. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings). Tr. at 16, Finding 4.

The ALJ then assessed Plaintiff's RFC and found that she retained the ability to perform light work except she can occasionally climb stairs and ramps, but never climb ladders, ropes, or scaffolds. She can occasionally balance and stoop, but never kneel, crouch, or crawl. She can never reach overhead on the right. She must avoid concentrated exposures to unprotected heights and moving machinery. She needs an option to alternate between sitting and standing at will. She may be off-task up to but no more than ten percent of the workday. Tr. at 16-18, Finding 5.

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work. She had past relevant work as a furniture inspector, which she performed at a very heavy exertional level. Tr. at 19, Finding 6.

At step five, the ALJ considered the vocational expert's testimony and found that given all of the factors present, Plaintiff would be able to perform the requirements of representative occupations such as a mail clerk, rental clerk, and office helper, which are unskilled jobs performed at the light exertional level. Tr. at 19-20, Finding 10. Accordingly, the ALJ found Plaintiff not disabled and denied her application for period of disability and DIB. Tr. at 20, Finding 11.

**Standard of Review**

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Discussion**

Plaintiff raises three arguments on appeal. First, Plaintiff contends the ALJ erred by failing to perform a supportability and consistency analysis of the state agency medical consultants' opinions. Pl's Br. at 8-11. Second, whether the ALJ erred by rejecting functional limitations found to exist by Dr. Massey. Pl.'s Br. at 12-14. Third, whether the ALJ erred by purportedly failing to build an accurate and logical bridge to the time-off-task limitation that appears in the RFC. Pl's Br. at 15-16. This Court takes these arguments in turn, and ultimately concludes that there was no reversible error on the part of the ALJ, and as such, the decision should be affirmed.

## I. Did the ALJ perform a supportability and consistency analysis with respect to the state agency medical consultants' opinions?

The state agency medical consultants found that the plaintiff retained the ability to perform light work. Tr. at 18. The ALJ, in his opinion, found the assessment of the state agency medical consultants somewhat persuasive, but ultimately, he determined the plaintiff was more limited. Tr. at 18.

In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). Rather, the ALJ shall "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the factors set forth in the regulations: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability

program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(a), (c)(1)-(5). Of these, supportability and consistency are the most important factors. *See* 20 C.F.R. §§ 404.1520(b)(2), 404.1520c(a).

Supportability means the degree to which objective medical evidence supports the medical opinion at issue. 20 C.F.R. § 404.1520c(c)(1). Consistency means the degree to which a medical opinion(s) is with evidence from other medical and nonmedical sources in the claim. 20 C.F.R. § 404.1520c(c)(2). The ALJ must articulate how he or she considered the supportability and consistency factors for a medical source's medical opinions. 20 C.F.R. §§ 404.1520c(b)(2).

Plaintiff argues that the ALJ erred in his analysis of the state agency medical consultants' opinions because he did not consider the factors of supportability or consistency as required by 20 C.F.R. § 404.1520c(a)-(c), 416.920(a)-(c) (2019). Pl.'s Br. at 8-11. More specifically, the plaintiff notes that the state agency medical consultants found Plaintiff could frequently lift and/or carry 10 pounds and occasionally lift and/or carry 20 pounds. Tr. at 72; Pl.'s Br. at 9. Therefore, Plaintiff contends that since the ALJ found the plaintiff to be more limited, this could encompass these lifting limitations, and a more limiting finding with respect to these lifting capabilities would reduce the plaintiff's RFC to sedentary work. Pl.'s Br. at 10.

In response, the Commissioner argues that the ALJ's finding of additional limitations was cabined to "occasionally climbing stairs and ramps, but never climbing ladders, ropes, or scaffolds." Def.'s Br. at 4. Defendant notes "[t]here is no evidence that the ALJ intended to limit Plaintiff to lifting and/or carrying 10 pounds occasionally as is the case with sedentary work." Def.'s Br. at 4-5.

The undersigned finds that the ALJ did, in fact, perform a supportability and consistency analysis in accordance with the regulations. The Fifth Circuit does not require the ALJ to use

"magic words." *See Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). The undersigned has also denied a request for remand where the plaintiff alleged the ALJ did not provide an explicit discussion of the facts of supportability and consistency, but it was evident from the totality of the ALJ's decision that he properly considered these factors. *Cox v. Comm'r of Soc. Sec.*, 2022 WL 834294, at *3-4 (N.D. Miss. 2022).

In this case, while the ALJ did not explicitly use the words "supportability" and consistency" in his decision, he did not need to do so. The ALJ considered the assessment of the state agency medical consultants, but found the evidence received at the hearing level meant the plaintiff was more limited than determined by the consultants. Tr. at 18. In considering the evidence at the hearing level to evaluate the state agency medical consultants' assessments, the ALJ was performing the exact kind of consistency analysis as required by 20 C.F.R. § 404.1520c(c)(2). As for supportability, the ALJ's assessment that the plaintiff is more limited than the state agency medical consultants assessed her at is evidence that the ALJ considered how the underlying medical evidence supported their opinion. As for Plaintiff's argument that it is unclear what additional limitations the ALJ meant to assess the plaintiff with – and could be read to include additional lifting limitations – the undersigned finds this argument unavailing. The plaintiff was assessed with additional limitations for climbing ramps/stairs, climbing ladders/ropes/scaffolds, balancing, kneeling, crouching, and crawling; therefore, speculation about additional lifting limitations is not supported by the record.

II. **Did the ALJ err by rejecting functional limitations found to exist by Dr. Massey?**

The plaintiff argues the ALJ erred in rejecting Dr. Massey's functional limitations for the plaintiff because the limitations described by Dr. Massey are consistent with other evidence in

the record, and thus rejecting these limitations is illogical. Pl.'s Br. at 12-14. However, the plaintiff misrepresents the ALJ's position, which is as follows. The ALJ found that "Dr. Massey's *objective observations* are generally consistent with the evidence from the other medical and nonmedical sources[.]" (emphasis added) However, the ALJ determined that Dr. Massey's ultimate medical opinion was not supported by his own objective findings. As the Commissioner points out in her Response [15], there are a number of objective medical observations that run counter to Dr. Massey's ultimate findings. Def.'s Br. at 6. Among these observations are the following: Plaintiff's gait and heel-to-shin were within normal limits; Plaintiff did not use an assistive device during the evaluation; the straight leg raising test was within normal limits as was the supine leg test; Tinel's sign and Phalen's test were within normal limits; motor strength and muscle bulk rated 5/5 in both upper and lower extremities; normal bulk and tone with no atrophy; and Plaintiff was able to grip, hold, grasp, and manipulate objects. Tr. 457-59. It is these objective findings that are consistent with other evidence in the record, not his opinion of Plaintiff's functional limitations. Therefore, the undersigned finds there is substantial evidence to support the ALJ's opinion with respect to Dr. Massey.

      **III.**    **Did the ALJ err by failing to build an accurate and logical bridge to the time-off-task limitation that appears in the RFC?**

The plaintiff argues that the ALJ's finding that the plaintiff may be off task, but will not be off task more than 10% of the workday is without any logical bridge to determine how the ALJ arrived at the 10% figure. Pl.'s Br. at 15-16. Further, Plaintiff argues this is prejudicial to her since the 10% threshold is the dividing line between light and sedentary work, and thus a finding of disability. Pl.'s Br. at 15. Importantly, the ALJ's finding is not that the plaintiff will be off-task exactly 10% of the workday, but instead that she may be off-task *up to and including* 10% of the workday (emphasis added). There is substantial evidence in the record to support this

position – that Plaintiff does not suffer from such severe pain or concentration issues to necessitate a more restrictive limitation for off-task behavior. *See, e.g.*, Tr. at 31, 40, 236, 302-03, 347-49, 358, 363, 396-97, 400-01, 405-06, 424, 434, 439, 442.

## Conclusion

For the reasons stated above, the Court finds that the ALJ's November 5, 2021, decision is affirmed.

**SO ORDERED** this, the 27th day of March, 2023.

/s/ Jane M. Virden
United States Magistrate Judge